<table>
<tr><td>JOHN L. RUSSO<br>ATTORNEY AT LAW<br><br>COUNSEL<br>Milton Florez, Esq.<br>Michael Horn, Esq.</td><td align="center">**J.L. Russo, P.C.**<br>31 - 19 Newtown Avenue, Suite 500<br>Astoria, New York 11102<br>Tel:  718 · 777 · 1277<br>Fax:  718 · 204 · 2310<br>Email:  *JLRussoPC@Gmail.com*</td><td>PARALEGAL<br>Maria Nunez, B.S.</td></tr>
</table>

April 18, 2024

**Via ECF**
Honorable Ronnie Abrams
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Mr. Russo is directed to file a status letter no later than May 3, 2024.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
April 30, 2024

   Re: *USA v. Josefina Marine*
      Case No.: S3 22-CR- 91(RA)

Your Honor:

  This office represents Josefina Marine, a defendant in the above referenced matter. We write in response to the Government's letter of April 16th which followed the *as-of-yet concluded* Fatico Hearing.  During the hearing conducted before the Court on April 10th , the Court expressed concern that my client, Josefina Marine, may have entered her guilty plea without it being *knowing* and *voluntary*. The Court thus adjourned the proceedings so that counsel and defendant could consider whether or not Ms. Marine wished to withdraw her guilty plea or to proceed with the sentencing proceedings.

  During the April 10th proceedings, both the Government, and the Court, **stated on the record, before the end of the hearing, that Ms. Marine had "not been truthful"** in her testimony.  Contrarily, it seemed clear to the Defense that the Government's witness Rainey had lied and perjured himself (and also contradicted his sworn trial testimony given at the Ortega trial).  That the Government finds itself enmeshed with its cooperator despite the obvious falsities  of his testimony is no surprise.  However, we also note that this cooperator's story has been accepted by the Court its post-trial rulings and in its sentencing of Billy Ortega.

  Thus, in addition to considering whether to move to withdraw her plea, Ms. Marine

must now also consider whether she will be able to receive a fair hearing or sentencing because of potential bias or conflict. The Government and, respectfully, the Court, have already "staked a claim" to the story told by the Government's cooperator witness – a fact plainly clear at the April 10th session.**1**

      As of this writing, I have not had an opportunity to speak to my client or review the Court's inquiry or the Government's letter with her. We have scheduled a call with her for Monday April 22nd. I ask the Court to hold off any response or decision to the Government's letter application of April 16th until after I have had an opportunity to talk with my client and formally respond thereto.

      The Court's consideration of this request is respectfully appreciated. Thank you.

                                                            Yours truly,

                                                            *John Russo*
                                                            John L. Russo (JR6200)

Cc: AUSA Micah Fergenson
     AUSA Michael Herman

---

**1** The rules for recusal as outlined in 28 U.S.C. § 455 direct that a justice, judge, or magistrate judge of the United States should disqualify themselves in **any proceeding** in which their impartiality might reasonably be questioned…including the following circumstances – *Where they have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding…*See, *28 U.S.C. §455 (b)(1)* "Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" Rippo v. Baker, 580 U.S. ___ (2017)