UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 22-CR-91-04 |
| JOSEFINA MARINE, | ORDER |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

On February 19, 2026, Defendant Josefina Marine ("Marine") filed a *pro se* motion for extension of time to file a motion under 28 U.S.C. § 2255. Dkt. 285 ("Mot."). The motion asserts that "[t]he current deadline is February 28, 2026" and seeks a 60-day extension therefrom. Mot. at 1. For the reasons that follow, the Court denies the motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following, as relevant here, 'the date on which the judgment of conviction becomes final.'" *Rosa v. United States*, 785 F.3d 856, 859 (2d Cir. 2015) (quoting 28 U.S.C. § 2255(f)(1)). "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Marine has not filed a direct appeal from her criminal judgment, which became final when the time for her to file such an appeal expired. Under Rule 4 of the Federal Rules of Appellate Procedure, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). The government has not filed a notice of appeal in this case, therefore, Rule 4(b)(1)(A)(i) applies. A judgment or order is entered under this rule

when it is entered on the docket. *Id.* 4(b)(6). Marine's judgment was entered on February 28, 2025. Dkt. 269. Her time to file a direct appeal, therefore, expired 14 days thereafter, on March 14, 2025. Accordingly, the one-year statute of limitations for her to file a Section 2255 motion will expire on March 14, 2026.

"[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001). Because Marine filed this motion *pro se*, the Court must read it "to raise the strongest arguments that [it] suggest[s]." *Id.* at 83 (quoting *Graham v. Henderson*, 89 F.3d 75 (2d Cir. 1996)). "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255." *Id.* Marine's motion, however, does not "contain a single reference to any cognizable claim under section 2255." *Id.* at 84. The Court thus must deny her motion at this time because it was not filed upon or after the filing of an actual Section 2255 motion.

Defendant Marine shall either file a Section 2255 motion before March 14, 2026, or renew her request for extension of time to do so upon or after actually filing such a motion. The Clerk of Court is respectfully directed to send a copy of this order to Ms. Marine.

SO ORDERED.

Dated:    March 3, 2026
          New York, New York

Ronnie Abrams
United States District Judge

2