UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSEFINA MARINE,<br><br>Defendant. | 22-CR-91 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Pending before the Court is Defendant Josefina Marine's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).  *See* Dkt. 282 ("Mot.").  For the reasons that follow, the motion is denied.

Ms. Marine cites United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821 as the primary basis for the reduction sought given that the "new sentence guidelines reduce the base offense level by two points if defendant meets the criteria, and provides the sentence to be modified retroactively as [of] November 1, 2023."  Mot. at 2.  The Amendment, however, was not "new" to Ms. Marine, as she was sentenced on February 27, 2025 under the 2024 Guidelines, *see* Dkt. 223 ("Sent. Tr.") at 8 (discussing the 2024 amendment to the Guidelines), well after Amendment 821 took effect on November 1, 2023.  Section 3582(c)(2) applies only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission[,]" 18 U.S.C. § 3582(c)(2) (emphasis added), which does not apply to Ms. Marine.

Even if Amendment 821 could otherwise provide a basis for relief, Ms. Marine would be ineligible because her offense involved possession of a firearm.  Pursuant to Amendment 821, Section 4C1.1 provides a two-level downward adjustment in offense level for certain offenders.

The provision makes clear, however, that the adjustment applies only if "the defendant did not possess . . . a firearm." U.S.S.G. § 4C1.1(a)(7). Ms. Marine is thus ineligible because she possessed a firearm. *See* Sent. Tr. at 12 (applying firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1)); *see also* Dkt. 220-1 (the "Plea Agreement") at 3 ("Pursuant to U.S.S.G. § 2D1.1(b)(1) two levels are added because a firearm was possessed.").

On the cover page of her motion, Ms. Marine also seeks modification "regarding the new laws effective November 1, 2025, for drug offenders." Mot. at 1. Although she fails to identify what "new laws" she was referring to, the Court construes Ms. Marine's motion, filed *pro se*, as seeking modification based on the 2025 amendments to the Guidelines, which modified U.S.S.G. § 2D1.1(a)(5) as of November 1, 2025. Those amendments reduce the offense level for certain drug offenders whose base offense level exceeds 30. Because Ms. Marine's base offense level was 30, Sent. Tr. at 12, the amendments do not alter her Guidelines range, and thus do not provide any basis for sentence modification.

For the foregoing reasons, the Court denies Ms. Marine's motion for modification of sentence. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 282 and mail a copy of this order to Ms. Marine.

SO ORDERED.

Dated:    June 29, 2026
          New York, New York

_____
Hon. Ronnie Abrams
United States District Judge

2